IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST MERIT BANK, N.A., | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-05202 |
| | ) Judge Andrea R. Wood |
| DAVID DZIEDZIC, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff First Merit Bank, N.A. ("First Merit") filed this lawsuit seeking to foreclose mortgages and obtain other relief after Defendant David Dziedzic, and other individuals and entities associated with him, defaulted on their loan obligations. The eleven-count complaint names the following defendants: David Dziedzic, both personally and as Trustee of the David A. Dziedzic Trust No. One Dated Jan. 14, 2002 ("Trust"); Deanna Dziedzic; Robert P. Whitesell; RPW Holdings, Inc. ("RPW"); I.F.D., Inc. ("IFD"); and Associated Environmental, LLC. Currently before the Court is First Merit's motion for summary judgment ("Motion") (Dkt. No. 60). As filed, the Motion sought summary judgment in First Merit's favor on Counts I, II, III, V, VII, VIII, and IX of the Complaint. After the Motion was filed, however, David Dziedzic filed for Chapter 7 bankruptcy protection. As a result, the claim against him in Count VII is stayed. In addition, First Merit has now settled with Whitesell and RPW, and voluntarily dismissed Counts VIII and IX with prejudice. Finally, based on the parties' representation that Counts I and II were no longer contested, the Court entered judgment in First Merit's favor on those counts on August 29, 2014. As a result of these developments, the only claims that remain to be decided by the

Motion are Counts III and V. As explained below, the Motion is granted with respect to both of those counts.

**BACKGROUND**

The following facts are undisputed.[1] On or around August 29, 2006, David Dziedzic, both personally and as trustee of the Trust, executed and delivered to First Merit's predecessor-in-interest a Promissory Note in the original principal amount of $532,000 ("Dziedzic Note"). (PSF ¶ 13.) The Dziedzic Note is secured by a mortgage on a property located in Elk Grove, Illinois ("Dziedzic Mortgage"), which was amended after its original execution by the First Amendment of Mortgage and Assignment of Rents ("First Amendment of Dziedzic Mortgage"). (*Id.* ¶ 14.) IFD guaranteed in writing the full payment of the Dziedzic Note. (*Id.* ¶ 15.) The Dziedzic Note matured on April 30, 2011, but was not paid upon maturity and still remains unpaid. For its part, First Merit has fulfilled all of its obligations under the Dziedzic Note. (*Id.* ¶¶ 16-18.)

Subsequently, on or around May 15, 2009, Associated Environmental and IFD executed and delivered to First Merit's predecessor-in-interest a second Promissory Note, as later modified, in the principal amount of $900,000 ("Second Renewal Associated Note"). (*Id.* ¶ 20.) The Second Renewal Associated Note is secured by the Dziedzic Mortgage (as amended by the First Amendment of Dziedzic Mortgage), as well as a mortgage on a property located in Park Ridge, Illinois. (*Id.* ¶ 21.) David Dziedzic holds title to the Park Ridge property along with his ex-wife Deanna Dziedzic. (*Id.* ¶¶ 5-6.) Payment of the Second Renewal Associated Note was guaranteed in writing, jointly and severally, by Dziedzic, Whitesell, and RPW. (*Id.* ¶ 22.) The Second Renewal Associated Note matured on April 30, 2011 and was not paid upon maturity. (*Id.* ¶¶ 24-

---

[1] Unless otherwise indicated, the following facts are drawn from Plaintiff's Local Rule 56.1 statement of material facts in support of its motion for summary judgment (hereinafter, "PSF") (Dkt. No. 63). No defendant submitted a response to Plaintiff's statement of material facts, thus, pursuant to Local Rule 56.1(b), all of the material facts included in Plaintiff's statement are deemed admitted.

25.) As with the Dziedzic Note, First Merit has performed all obligations required of it under Second Renewal Associated Note. (*Id.* ¶ 26.)

As noted above, although the instant Motion originally addressed nine of the eleven counts in the Complaint, only two remain to be decided. With Count III, First Merit seeks to foreclose the mortgage on the Park Ridge property. Only Deanna Dziedzic contests this claim. Count V of the Complaint, which is uncontested, seeks judgment against IFD for breach of its agreement to guaranty the Dziedzic Note, and seeks to recover $542,159.44 plus costs, contractual attorneys' fees, and additional prejudgment interest through the date of the judgment.

## DISCUSSION

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When faced with a motion for summary judgment, "[t]he court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (quoting *Walbridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)). "In evaluating whether a genuine issue of material fact exists, all evidence and inferences must be viewed in the light most favorable to the nonmoving party." *Scott v. Edinburg*, 346 F.3d 752, 755 (7th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), and *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.*, 328 F.3d 309, 320 (7th Cir. 2003)). "[I]f the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against [the non-movant]." *Deutsche Bank Nat'l Trust, Co. v. Ortiz*, No.

12-cv-3651, 2014 WL 117347, at *4 (N.D. Ill. Jan. 13, 2014) (quoting *Waldridge*, 24 F.3d at 920).

I.     **First Merit's Claim to Foreclose the Mortgage on the Park Ridge Property**

With Count III of the Complaint, First Merit seeks to foreclose the mortgage on the Park Ridge property that secures the Second Renewal Associated Note. The claim is asserted against Deanna Dziedzic as a title holder of the Park Ridge property (along with David Dziedzic) and co-signatory on the mortgage agreement. In response to the summary judgment motion, Deanna Dziedzic raises two arguments, neither of which presents a disputed issue of fact or otherwise defeats First Merit's Motion.

A.     **The Sufficiency of First Merit's Supporting Affidavit**

Deanna Dziedzic first argues that First Merit's summary judgment motion should be denied because it is procedurally deficient. Specifically, she challenges the sufficiency of the affidavit submitted by First Merit in support of its motion, claiming that (i) the affidavit does not state that it is based on personal knowledge, (ii) First Merit failed to attach certified copies of the underlying loan documents as required by Illinois Supreme Court Rule 191(a), and (iii) First Merit failed to submit a loss mitigation affidavit as required by Illinois Supreme Court Rule 114.

As an initial matter, this Court's jurisdiction in this case is premised on the diversity of the citizenship of the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332(a)(1). "Under the *Erie* Doctrine, when a federal court sits in diversity, it applies state substantive law and federal procedural law." *HSBC Bank USA, N.A. v. Garcia*, No. 12 CV 6561, 2014 WL 3865365, at *5 (N.D. Ill. Aug. 6, 2014) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Courts in this District have consistently held that the rules of the Illinois Supreme Court are considered procedural, not substantive, and as such they do not apply in cases such as this one.

*See id.* ("Other judges in this district have uniformly held that Rule 114 is a procedural rule rather than a substantive one."); *Ortiz*, 2014 WL 117347, at *3 ("Defendants primarily argue that Plaintiff must comply with Illinois Supreme Court Rules that govern foreclosure in Illinois state courts. Defendants are incorrect."); *Bank of New York Mellon v. Ontiveros*, No. 12-cv-3896, 2014 WL 114129, at *3 (N.D. Ill. Jan. 13, 2014) ("Judicial rules constraining Illinois state courts, even those derived from the Illinois Constitution, do not impact federal procedures in mortgage foreclosure cases."). This Court agrees. First Merit's purported failure to comply with Illinois Supreme Court Rules 191(a) and 114, even if true, provides no basis to deny the Motion.

Instead, the Motion is governed by the procedures set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. While the Federal Rules provide that a party responding to a summary judgment motion can object to a fact that is not supported by admissible evidence, they also provide that "[t]he court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(2)-(3). Furthermore, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The affidavit in support of First Merit's motion from Lucian Lupascu, a Vice-President at the banks, satisfies these requirements. Despite Deanna Dziedzic's assertion to the contrary, Mr. Lupascu's affidavit clearly states that it is based on his personal knowledge. (PSF Ex. A ¶ 1.) It further states that "[a]ll of the loan documents attached to the Complaint as Exhibits A through T are true and correct copies of such documents, which are maintained by the Plaintiff in its files within the ordinary course of business." (*Id.* ¶ 14.) The affidavit provided is based on the affiant's personal knowledge, and specifically cites the underlying loan documents as evidence of its

5

claims, as opposed to relying on the affidavit itself as evidence. The relevant underlying loan documents were attached to the Complaint and are part of the record in this matter. That is sufficient under the Federal Rules.

### B. Deanna Dziedzic's Claim to Indemnification by David Dziedzic

Deanna Dziedzic also seeks to avoid summary judgment on Count III by invoking an indemnification provision in her divorce decree. When Deanna Dziedzic divorced David Dziedzic, pursuant to a stipulated agreement between the parties, the Judgment of Dissolution of Marriage awarded the Park Ridge property to Deanna Dziedzic and required David Dziedzic to indemnify his former wife and hold her harmless relative to First Bank's mortgage on the property. (Deanna Dziedzic's Resp. Br. Ex. A., Dkt. No. 71.) Citing this provision, Deanna Dziedzic argues that, because David Dziedzic has now filed for bankruptcy and she cannot bring an action against him for indemnification, it would be a "travesty of justice" to allow this action to proceed against her.

But First Merit was not a party to David and Deanna Dziedzic's divorce proceeding, and therefore it is not bound by the judgment entered in that proceeding. "Consent judgments bind only the parties who gave their consent, for their force rests ultimately on contract rather than a determination that the law requires what the judgment provides." *Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1022 (7th Cir. 1995) (citation omitted). This rule extends to divorce proceedings where parties "are free to settle the division and allocation of their property, assets and liability but their agreement is not binding on third party creditors . . . ." *In re Marriage of Cozzi-Digiovanni and Digiovanni*, No. 1-13-0109, 2014 WL 2931696, at *11 (Ill. App. 1st Dist. June 27, 2014). While the indemnification requirement in the divorce judgment may require David Dziedzic to compensate his former wife for any loss she suffers due to her

6

obligations under the mortgage on the Park Ridge property, nothing in the divorce judgment prevents First Merit from rightfully obtaining its own judgment against Deanna Dziedzic.

**II.       First Merit's Claim Against IFD for Breach of Guaranty**

Count V of the Complaint asserts a claim against IFD for breaching the guaranty agreement that it executed in connection with the Dziedzic Note. Although IFD answered the Complaint (*see* Dkt. No. 36), it did not respond to First Merit's summary judgment motion. As IFD did not respond to First Merit's statement of material facts, it is undisputed that IFD guaranteed in writing the full payment of the Dziedzic Note (PSF ¶ 15); that the Dziedzic Note matured on April 30, 2011, was not paid upon maturity, and still remains unpaid (*id.* ¶¶ 16-17); that First Merit has performed all obligations required of it under the Dziedzic Note (*id.* ¶ 18); and that, as of December 16, 2013, there was $649,722.23 due and owing to First Merit on account of the Dziedzic Note, with interest, other charges, and legal fees and costs under the Dziedzic Note continuing to accrue after December 17, 2013 through the date of judgment (*id.* ¶ 19). These facts are sufficient to establish IFD's liability for breach of its guaranty agreement. Accordingly, because there is no genuine dispute of material fact, the Motion is granted as to Count V against IFD.

**CONCLUSION**

For the reasons stated above, First Merit's Motion is granted with respect to Counts III and V of the Complaint. The Motion is denied as moot with respect to Counts I, II, VIII, and IX. Finally, with respect to Count VII, the Motion is withdrawn without prejudice to First Merit refiling it as may be appropriate upon the resolution of David Dziedzic's Chapter 7 bankruptcy proceeding. First Merit shall submit a proposed Judgment of Foreclosure and Order of Sale on Count III to the Court's Proposed Order e-mailbox for review and entry by the Court.

Entered:

Dated: September 17, 2014

_____
Andrea R. Wood
United States District Judge